IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TABEUS DEWAYNE ROBINSON,   )
et al.,                                       )
                                              )
        Plaintiffs,                           )
                                              )
v.                                            )        CASE NO. 2:22-cv-209-MHT-JTA
                                              )                  [WO]
CHILTON COUNTY JAIL, et al.,                  )
                                              )
        Defendants.                           )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Tabeus Dewayne Robinson ["Robinson"], an inmate at the Chilton County

Jail in Clanton, Alabama, filed a *pro se* Complaint on a standard form for actions brought

under 42 U.S.C. § 1983 challenging matters associated with his confinement and conditions

at the jail.  Doc. No. 1.  Robinson seeks class certification.  Doc. No. 1 at 4–5.  Specifically,

Robinson and the other inmates, who are signatories to the Complaint and are detained at

the Chilton County Jail, seek to be deemed proper representatives of the class in this class

action lawsuit.  *Id. at 5.*  The Court, therefore, considers this document to contain a motion

to certify class under Federal Rule of Civil Procedure 23.  After review and consideration

of the motion to certify case as a class action, the undersigned RECOMMENDS the motion

be denied.

Robinson is an inmate unschooled in the law, proceeding *pro se,* who seeks to

represent the interests of the putative class.  Among the requirements which litigants must

meet in order to maintain an action as a class action is that a class representative must

"fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).   While a *pro se* litigant may "plead and conduct" his own claims in federal court, 28 U.S.C. § 1654, he has no concomitant right to litigate the claims of other individuals.   The competence of a layman is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975); *Hummer v. Dalton*, 657 F.2d 621, 623 (4th Cir. 1981); *Ethnic Awareness Organization v. Gagnon*, 568 F. Supp. 1186, 1187 (E.D. Wis. 1983); *Inmates, Washington County Jail v. England*, 516 F. Supp. 132, 144 (E.D. Tenn. 1980).

The undersigned finds the prosecution of separate civil actions will not create a risk of inconsistent or varying adjudications regarding any general claims for relief.  *See* Fed. R. Civ. P. 23(b)(1)(A).  The undersigned further finds the questions of fact affecting the individuals who seek to represent the class should be tried on their own merits and the questions of fact common to the proposed class members—inmates currently incarcerated at the Chilton County Jail—do not predominate over such questions.  *See* Fed. R. Civ. P. 23(b)(3).  *See also Inmates, Washington County Jail*, 516 F. Supp. at 144 (denying *pro se* plaintiffs' request to certify action as a class action and finding that "any declaratory relief granted . . . would likely inure to the benefit of other similarly-situated individuals" even without granting the request to certify case as a class action).  For these reasons, the undersigned Magistrate Judge RECOMMENDS that:

1.  Plaintiff's motion to certify case as a class action (Doc. No. 1) be DENIED; and

2.  This case be referred to the undersigned for further proceedings.

It is ORDERED that by **August 16, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 1st day of August, 2022.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE